William G. Mayer, Esq. Informal Opinion Acting Town Attorney No. 95-53 Town of Genoa P. O. Box 33 Kings Ferry, N Y 13081
Dear Mr. Mayer:
You have asked whether Criminal Procedure Law § 420.10, which provides that the District Attorney may collect fines in the same manner as a judgment in a civil action, applies to fines imposed by a Town Justice Court for violations of General Municipal Law §136, the New York State Uniform Fire Prevention and Building Code or local ordinances providing for local enforcement of that code.
General Municipal Law § 136(15) provides that violators of the section, which regulates automobile junk yards, are guilty of an offense punishable by a fine not exceeding $100 with each week of noncompliance constituting a separate violation. Generally, persons failing to remedy conditions that are in violation of the State Uniform Fire Prevention and Building Code or any owner, builder, architect, contractor, etc., who knowingly violates any provision of the Uniform Code or lawful order of a local government or of the Secretary of State thereunder, may be punished by a fine of not more than $1000 per day of violation, or imprisonment for not more than one year or both. Executive Law, § 382(2); see also, § 378(5)(h), establishing a $250 fine for a violation of standards for heating appliances. We note that under section 379 of the Executive Law more stringent local regulations, replacing the Uniform Code, are authorized.
Under the Penal Law, an "offense" is conduct for which a sentence to a term of imprisonment or a fine is provided by any State law or local law of a political subdivision of the State. Penal Law § 10.00(1). A "violation" is an offense, other than a traffic infraction, for which a sentence to a term of imprisonment in excess of 15 days cannot be imposed. A "misdemeanor" is an offense, other than a traffic infraction, for which a sentence to a term of imprisonment in excess of 15 days but not in excess of one year may be imposed. Id., § 10.00(4). See also, Penal Law § 80.05(3) and (4) regarding the imposition of fines.
Thus, the penalty under section 136(15) is a violation, while under Executive Law § 382 the penalty is a misdemeanor. The procedure for commencement of actions in local criminal courts for the commission of violations and misdemeanors is governed by the Criminal Procedure Law. Criminal Procedure Law, Art 100, § 1.20(39). We have concluded that offenses under local laws that are classified as violations must be adjudicated in accordance with the Criminal Procedure Law. Op Atty Gen (Inf) No. 91-3. In another prior opinion, we also concluded that the District Attorney is responsible for prosecuting offenses under General Municipal Law § 136, which are classified as violations. Op Atty Gen (Inf) No. 90-8. Thus, the Criminal Procedure Law governs the adjudication of the offences in issue and the District Attorney has responsibility for their prosecution.[1] Section 420.10(6) does not exclude from its provisions minor offenses.
Criminal Procedure Law § 420.10(6) provides:
 6. Civil proceeding for collection. (a) A fine, restitution or reparation imposed or directed by the court shall be imposed or directed by a written order of the court containing the amount thereof required to be paid by the defendant. The court's order also shall direct the district attorney to file a certified copy of such order with the county clerk of the county in which the court is situate except where the court which issues such order is the supreme court in which case the order itself shall be filed by the clerk of the court acting in his or her capacity as the county clerk of the county in which the court is situate. Such order shall be entered by the county clerk in the same manner as a judgment in a civil action in accordance with subdivision (a) of rule five thousand sixteen of the civil practice law and rules. Even if the defendant was imprisoned for failure to pay such fine, restitution or reparation, or has served the period of imprisonment imposed, such order after entry thereof pursuant to this subdivision may be collected in the same manner as a judgment in a civil action by the victim, as defined in paragraph (b) of subdivision four of section 60.27 of the penal law, to whom restitution or reparation was ordered to be paid, the estate of such person or the district attorney. . . .
. . .
 (b) The district attorney may, in his or her discretion, and must, upon order of the court, institute proceedings to collect such fine, restitution or reparation.
The practice commentary indicates a broad application of this provision. "This section governs the procedure for collecting monetary payments imposed upon individuals convicted of offenses". Practice Commentaries, McKinney's Criminal Procedure Law Vol 11A § 420.10.
We conclude that the provisions of the Criminal Procedure Law, including section 420.10(6), are applicable to prosecutions under General Municipal Law § 136 and under the State Uniform Fire Prevention and Building Code.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General
[1] We also have noted that County Law 700(1) requires the District Attorney to prosecute all crimes and offenses cognizable by the courts of the county but that he may consent to appearance on his behalf as to petty crimes and offenses by other public officials or private attorneys. Op Atty Gen (Inf) No. 90-8; see also, Op Atty Gen (Inf) No. 92-34. Accordingly, another public official or private attorney may be given responsibility for prosecuting the violations and may take the same actions regarding collection that the District Attorney, as prosecutor, could take. We previously noted that, while the District Attorney was responsible for prosecuting building code violations, the village could have the village attorney prosecute them instead. Op Atty Gen (Inf) No. 89-25.